## Rosenberg v. Metropolitan Life Insurance Company.

*Max Fisher,* for plaintiff and rule; *J. H. Jacobs,* for defendant.

SCHAEFFER, P. J., Sept. 6, 1929.—When twenty jurors had been summoned for selection in this case, the attorney for the plaintiff inquired whether any of them held policies issued by the defendant company. There was no answer. Each party thereupon struck four of the twenty, and the remaining twelve were sworn. They returned a verdict for the plaintiff for the sum of $110.20. It has since appeared that one of the twelve jurors who tried the case was the holder of a policy issued by defendant. Upon this ground the plaintiff has asked for a new trial.

It is unnecessary to consider whether or not the ownership of the policy would have constituted ground for challenge for cause. But the plaintiff, having rightfully asked for the information, was entitled to a correct answer which he could have used in determining how to employ his peremptory challenges. We cannot say that the fact of the ownership of the policy did or did not influence the decision of the juror in question; nor can his statement that it did or did not do so have much weight. "The general principle is laid down in our cases that no person should be permitted to serve on a jury who stands in any relation to a party to the cause that would 'carry with it *prima facie* evident marks of suspicion of favor,' as where a litigant is in a position where 'he might exercise a control over the juror,' such as the relation of master and servant:" Hufnagle *v.* Delaware & Hudson Co., 227 Pa. 476, 479. In Caldwell *v.* Kumerant, 20 Pa. C. C. Reps. 608, where a juror did not, upon inquiry by a party, disclose his relationship to one of the parties to the suit, a new trial was granted, and the court said: "A mistake was made, and it is enough for us to know that it may have prejudiced the defendant. It is not a question whether it did or did not prejudice him. That could not be determined by any investigation we could make. He was entitled to have his case tried before a jury composed of men not related to his adversary. Through no fault of his he was denied the right. It is our duty to see that it is accorded him."

And now, Sept. 6, 1929, the rule for a new trial is made absolute.

From Charles K. Derr, Reading, Pa.